UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PREFERRED CONTRACTORS INSURANCE | § | |
| COMPANY RISK RETENTION GROUP, | § | |
| LLC, | § | CIVIL ACTION NO. 4:12-CV-1406 |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| OYOQUE MASONRY, INC., ET AL., | | |
| *Defendants.* | | |

## OPINION ON SUMMARY JUDGMENT

Before the Court is the motion for summary judgment by plaintiff Preferred Contractors Insurance Company Risk Retention Group, L.L.C. ("PCIC"). (Dkt. 25). The motion is granted.

## 1.[1]

The facts are for the most part undisputed. In 2010, Jose Oyoque owned and operated three businesses: Delta Precast, L.L.C. ("Delta"); Oyoque Masonry, Inc. ("OMI");and Gulf Coast Express, L.L.C. ("Gulf Coast"). On March 11, 2010, Delta contracted with the Meadows Community Association to fabricate and install a concrete wall for its residential subdivision. Delta fabricated the wall and OMI handled the installation. Gulf Coast, a trucking business, was responsible for transporting the wall from Delta's fabrication facility to the OMI worksite at Meadows Community Association.

---

[1]Plaintiff's unopposed motion for extension of time to file reply (Dkt. 29) is granted.

Truck driver Calvin Finnels, an independent contractor, operates trucks on behalf of Gulf Coast. On August 20, 2010, Finnels delivered the fabricated wall to the OMI worksite. Upon his arrival, Finnels unbound the load and an OMI worker used a forklift to unload the wall from the truck. Thereafter, Finnels assisted the OMI worker in installing the wall. The parties disagree about whether Oyoque instructed Finnels to assist the OMI worker. During the installation, Finnels fell from the wall and was seriously injured. Several months later, Finnels filed suit against Gulf Coast and OMI in state court.[2]

PCIC insured OMI under a commercial general liability policy. PCIC now seeks summary judgment declaring that Finnels's injury is excluded by the policy and, therefore, PCIC has no duty to defend or indemnify OMI in the state court suit.

**2.**

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining the existence of a genuine issue of material fact, the court will draw all inferences arising from the facts in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002).

Texas law governs this insurance dispute. *See* TEX. INS. CODE ANN. § 21.42. In determining the duty to defend, Texas follows the "eight-corners rule" under which an insurer's "duty to defend is determined by the third-party plaintiff's pleadings, considered

---

[2]*Finnels v. Gulf Coast, LLC,* No. 11cv2057 (212th Dist. Ct., Galveston County, Tex.).

in light of the policy provisions, without regard to the truth or falsity of those allegations." *Zurich American Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008).  An insurer has a duty to defend if there is a possible "case under the complaint within the coverage of the policy."  *Id.* (internal quotation and citation omitted).

Unlike the duty to defend – which is determined by the eight corners rule – the duty to indemnify is determined by the facts actually established in the underlying suit as well as the policy terms and conditions.  *D.R. Horton – Tex., LTD. v. Markel Intern. Ins. Co.,* 300 S.W.3d 740, 744 (Tex. 2009).  However, "[t]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*"  *Farmers Texas County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in original).

**3.**

The PCIC policy is a commercial general liability policy that, among other things, provides coverage for a third party's claim of bodily injury "where such claim directly substantially relates to an insured's project."[3]   The policy contains an exclusion for "Employer's Liability", which excluded claims by the insured's own employees.[4]   This exclusion was later extended by an "Action Over" endorsement to exclude claims by

---

[3]Dkt. 25-3, at 11.

[4]*Id.*, at 14-15.

contractors, subcontractors, independent contractors and others.[5]  This endorsement lies at the crux of the parties' dispute, and  reads in pertinent part:

> This Policy does not apply to any claim(s) for "bodily injury", arising out of claim(s), or suit(s) *by general contractors, subcontractors, independent contractors, their employees or volunteer workers, or any persons or companies who are affiliated with such persons or entities* who provide work or products on job sites where the insured provides work, products or services as a contractor or subcontractor.  This exclusion applies whether or not the persons or entities making such claims are hired, or retained by the insured on the job site where the claim(s) or suit(s) arise from.[6]

PCIC contends this endorsement excludes coverage for Finnels's claim because, as his lawsuit alleges, he was an independent contractor who provided work or products on the job site of OMI, the insured party.

Defendants counter that four fact questions preclude summary judgment here: (1) whether Montana or Texas law governs the construction of Policy terms; (2) whether Gulf Coast Express is a subcontractor under the Policy; (3) whether Finnels is a "temporary worker" under the Policy; and (4) whether Finnels is a "volunteer worker" under the Policy. None of these contentions have merit.

***Choice of law.***  Defendants point to a Policy provision stating that it is to be governed

---

[5]*Id.*, at 78.

[6]*Id*. (emphasis added).

and construed in accordance with Montana law.[7]  However, the Texas Insurance Code § 21.42 provides that "[a]ny contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, *and governed thereby"* (emphasis added).  Since it is not disputed that PCIC does business in Texas or that the insured (OMI) is a Texas corporation, Texas law plainly controls here.  Even if Montana law were to apply, the Court is convinced that the result would be the same.

   ***Subcontractor status.***  Defendants next argue that PCIC's motion wrongly assumes that Gulf Coast is a subcontractor of OMI, and that fact issues concerning the business relationship between Gulf Coast and OMI are both material and disputed.  This argument misreads the Policy.  The Action Over endorsement excludes claims by "independent contractors", among others.  Finnels has expressly pled that he was "an independent contractor truck driver" who provided a product to OMI's job site, i.e. the pre-fabricated wall section.  These allegations alone are sufficient to trigger the exclusion.  Since Gulf Coast is not making a claim for bodily injuries, Gulf Coast's subcontractor status is relevant only if Finnels was one of its "employees", "volunteer workers", or "affiliated with" it, as provided in the Action Over exclusion.  But since it is conceded that Finnels was an independent

---

[7]*Id.*, at 54.

contractor, Gulf Coast's subcontractor status is immaterial.

Defendants resist this conclusion by arguing that Finnels was hired or retained as an independent contractor by Gulf Coast, not by OMI, the insured party.  In other words, defendants narrowly construe the exclusion for claims by "independent contractors" as if it were applicable only to "independent contractors hired by the insured."  Even if this were a permissible reading of the first sentence of the Action Over exclusion, which is doubtful, the second sentence immediately rules it out:

> This exclusion applies whether or not the persons or entities making such claims are hired, or retained by the insured on the job site where the claim(s) or suit(s) arise from.

Dkt. 25-3, at 78.  Thus, because Finnels was an independent contractor under the Policy, the precise nature of the contractual relationship (if any) between Gulf Coast and OMI is immaterial.

OMI argues further that "FINNELS activities as an independent contractor driver ended at the truck bed he was contracted to drive and did not extend to any work, product or services performed at the jobsite."[8]  This argument likewise misses the mark.  Under the exclusion, Finnels's specific job duties are not relevant.  Even if his job at the site ended when the wall was unbound from his truck, Finnels was still present on OMI's job site to deliver a product.  The exclusion requires nothing more.

------

[8]Dkt. 27, at 3.

***Temporary worker.*** Finnels argues that if Gulf Coast is not a subcontractor of OMI, then he would be covered under the Policy as a *temporary worker,* since the Policy definitions make clear such workers are not considered "employees", and therefore not covered by the employee exclusion.[9] However, PCI's motion is based, not on the employee exclusion, but on the independent contractor exclusion in the Action Over endorsement. That endorsement does not contain any exception for independent contractors who also happen to be temporary workers. To the contrary, the Action Over exclusion is drafted broadly, encompassing any persons "affiliated with" contractors, subcontractors, or independent contractors on the job site. Whether or not Finnels could show that he was a temporary worker, his undisputed status as an independent contractor precludes coverage.

***Volunteer worker.*** These same considerations defeat Defendants' claim for coverage of Finnels as a volunteer worker. Even if Finnels met the Policy definition of "volunteer worker", he was also an independent contractor excluded by the Action Over endorsement.

Applying the eight-corners rule, the court concludes that PCIC has no duty to defend OMI in the underlying lawsuit. And since there is no dispute in the underlying case regarding the facts material to coverage, PCIC has no duty to indemnify OMI for any liability established therein. Because the court concludes that Finnels status as an independent contractor providing a product to the job site is dispositive of this case, it does not address

---

[9]Dkt. 25-3, at 14.

-7-

the various alternative arguments for exclusion asserted by PCIC.

**4.**

PCIC's motion for summary judgment (Dkt.25) is granted.  The court will issue a separate final declaratory judgment.

Signed at Houston, Texas on July 26, 2013.


Stephen Wm Smith
United States Magistrate Judge